UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**Constitution Pipeline Company, LLC,**

                 **Plaintiff,**

v.                                                             **Cases 1:14-CV-2000, et al.**
                                                                         **(Case Nos. at Exhibit A) (NAM/DJS)**

**A Permanent Easement for 3.62 Acres and Temporary Easements for 3.08 Acres in Middleburgh, Schoharie County, New York Tax Parcel Number 81.-4-13, et al.,**

                 **Defendants.**
_____

**Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION & ORDER

### I.     INTRODUCTION

Now before the Court is Plaintiff's Omnibus Motion under Federal Rule of Civil Procedure 60(b)(6) to dissolve an injunction previously granted in this case which permitted Plaintiff possession of right of ways on Defendants' properties for a now-defunct pipeline. (Dkt. No. 26).  In addition, Plaintiff proposes to: 1) amend the complaint to clarify the duration and scope of the rights of way; 2) maintain the security bond posted for the injunction until such time as the claims in the complaint are resolved by settlement or trial; and 3) record this Order in the land records of the county of the Defendants' properties.  (*Id.*).  Plaintiff originally identified 65 cases subject to this request, but after settlement and stipulations of dismissal, approximately 39 cases remain.  (*See* Exhibit A).  Although Plaintiff's motion is unopposed in most of these cases, several Defendants have filed a cross-motion to dismiss the complaint, which is also addressed herein.

1

## II. BACKGROUND

Plaintiff commenced this action in 2014 by seeking condemnation of the Defendants' properties pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, in order to secure rights of way for a proposed natural gas pipeline (the "Pipeline Project"). (Dkt. No. 1). On February 21, 2015, the Court granted Plaintiff's motions for partial summary judgment and a preliminary injunction, thereby giving Plaintiff a permanent right of way and easement on the Defendants' properties for the purpose of constructing, operating, and maintaining a pipeline for the transportation of natural gas, as well as temporary easements for use during pipeline construction and maintenance. (Dkt. Nos. 16, 17, 20). Plaintiff also posted bonds as security for the payment of just compensation to Defendants. (*Id.*). Ultimately, Plaintiff's parent company decided not to proceed with the Pipeline Project, which is now permanently cancelled. (*See* Dkt. No. 24). Therefore, the Court granted Plaintiff's request to re-open all the cases related to the Pipeline Project for the purpose of dissolving the injunctions and compensating the Defendants. (Dkt. No. 25).

## III. DISCUSSION

### A. Plaintiff's Motion

Plaintiff argues that the injunctions should be dissolved pursuant to Rule 60(b)(6), the catchall provision that permits the court to relieve a party from a final judgment or order for "any other reason that justifies relief." (Dkt. No. 26-5, p. 5). Since the Pipeline Project was cancelled, Plaintiff seeks to "relinquish possession of the Rights of Way to the Landowners, and proceed to the determination of compensation due for the time it had such possession." (*Id.*). Thus, in each of the remaining cases, Plaintiff proposes to vacate the Order that granted its earlier motion for a preliminary injunction. Plaintiff also seeks to amend the complaint "to

2

reflect that it does not seek any permanent easements on the Property, and only seeks possession of the Rights of Way temporarily for the period of time from the date of taking . . . to the date of dissolution of the injunction." (*Id.*, p. 5).

### B. Defendants' Responses

In most of the remaining cases, Plaintiff's motions are unopposed. For example, the Defendants in Case No. 14-cv-2000 state that, because Plaintiff has abandoned the Pipeline Project and preserved the security bonds for the affected properties, they have no objection to the relief sought. (Dkt. No. 27). In others, Defendants have consented to dissolution of the injunctions, retention of bonds, and recording the related orders.[1] However, several Defendants have filed opposing papers and cross-moved for dismissal of the complaint.[2] In these cases, Defendants argue that: 1) the Orders granting Plaintiff partial summary judgment and a preliminary injunction are now void and should be vacated; 2) Plaintiff's motion under Rule 60(b) should be denied because it is not seeking relief from a final judgment or order; 3) Plaintiff should not be permitted to amend the complaint; and 4) the complaint should be dismissed pursuant to Rule 71.1. (*See, e.g.*, Dkt No. 28-3 in Case No. 14-cv-2118).

### C. Dissolving the Injunctions

There is no dispute that the injunctions should be dissolved. Rather, the Court's task is to decide the proper mechanism to do so, with an eye towards a swift and equitable resolution. First, the Court recognizes that by its plain language Rule 60(b) only provides for relief from a *final* judgment or order, Fed. R. Civ. P. 60(b), while the preliminary injunction in this case is interlocutory in nature. Some courts have nonetheless interpreted Rule 60(b) to extend to

---

[1] *See* Case Nos. 14-cv-2023, 14-cv-2027, 14-cv-2047, 14-cv-2048, 14-cv-2050, 14-cv-2093.

[2] *See* Case Nos. 14-cv-2054, 14-cv-2057, 14-cv-2004, 14-cv-2008, 14-cv-2031, 14-cv-2036, 14-cv-2039, 14-cv-2045, 14-cv-2049, 14-cv-2059, 14-cv-2069, 14-cv-2071, 14-cv-2080, 14-cv-2083, 14-cv-2118.

3

modifications of preliminary injunctions. *See, e.g.*, *Halo Optical Products, Inc. v. Liberty Sport, Inc.*, No. 14-CV-282, 2017 WL 4011261, at *3, 2017 U.S. Dist. LEXIS 146472, at *8 (N.D.N.Y. Sept. 11, 2017). However, Rule 60(b) need not be applied in this case because the preliminary injunction can be dissolved through the Court's power of equity. As the Second Circuit has observed, "[w]hile changes in fact or in law afford the clearest bases for altering an injunction, the power of equity has repeatedly been recognized as extending also to cases where a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes." *King-Seeley Thermos Co. v. Aladdin Industries, Inc.*, 418 F.2d 31, 35 (2d Cir. 1969); *see also* 42 AM. JUR. 2D INJUNCTIONS § 284 ("Generally, a court exercises the same power over its injunctive orders which it, as a court of equity, exercises over its other orders or decrees. Thus, a court of equitable jurisdiction has the intrinsic or inherent power to dissolve, vacate, or modify its injunctions.").

Under equitable principles, a preliminary injunction can be modified or dissolved if "the moving party demonstrates that a material change in circumstances justifies its alteration." *Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*, 427 F. Supp. 2d 491, 501 (S.D.N.Y. 2006); *see also* 42 AM. JUR. 2D INJUNCTIONS § 288 ("Generally, a court may modify or dissolve an injunction, whether permanent or preliminary . . . based upon changed circumstances."). Here, Plaintiff has shown that the Pipeline Project—the object of the preliminary injunction—has been cancelled. Specifically, on April 13, 2020, Plaintiff notified the New York State Department of Environmental Conservation of its decision to withdraw its pending applications for permits for the Pipeline Project. (*See* Dkt. No. 26-5, p. 3). Plaintiff states that it no longer needs possession of the rights of way for further survey or construction because the project will not be moving forward. (*Id.*, p. 4).

4

Based on this change of circumstances, the rights of way granted by the preliminary injunction no longer serve a public purpose for a natural gas pipeline.  Accordingly, the Court hereby orders the preliminary injunction dissolved.  The related Orders, (Dkt. Nos. 16, 17, 20), shall be vacated.  Further, Plaintiff shall: 1) maintain the security bond posted for the injunction until such time as the claims in this case are resolved; and 2) record this Order in the land records of the county in which the now-extinguished rights of way were located.  This Order applies equally to all the cases identified in Exhibit A.

### D. Further Proceedings

Pursuant to Rule 71.1, the Defendant landowners are entitled to compensation for the time their properties were condemned for the Pipeline Project, a period from the date of the Preliminary Injunction, February 21, 2015, until the date of this Order.  In general, the Court tries all issues including compensation.  Fed. R. Civ. P. 71.1(h)(1).  Plaintiff argues that before proceeding to compensation, it is necessary to amend the complaint "to reflect that it does not seek any permanent easements on the Property, and only seeks possession of the Rights of Way temporarily for the period of time from the date of taking . . . to the date of dissolution of the injunction."  (Dkt. No. 26-5, p. 5).

In response, several Defendants argue that Plaintiff "has no right to dissolve the Preliminary Injunction and then amend the complaint so it can claim it had the right to possess property in order to perform surveys."  (*See* Dkt. No. 28-3, p. 17 in Case No. 14-cv-2118).  Defendants add that: "Constitution was only granted the right to condemn (and possess) the Defendants' property in order to construct the pipeline.  That right cannot be altered retroactively."  (*Id.*).  Instead, these Defendants seek dismissal of the complaint.  (*Id.*, p. 15).  Plaintiff counters that it has the right to amend the complaint, and that doing so would conform

the complaint to the taking which occurred and for which the landowners must be compensated. (*See* Dkt. No. 30, pp. 11–12, in Case No. 14-cv-2118).

The motion to dismiss the complaint must be denied. Pursuant to Rule 71.1(i)(C), dismissal by Court Order is permitted: "at any time before compensation has been determined and paid . . . . [b]ut if the plaintiff has already taken title, a lesser interest, or possession as to any part of it, the court must award compensation for the title, lesser interest, or possession taken." Fed. R. Civ. P. 71.1(i)(C). There is no dispute that Plaintiff has taken a lesser interest in the Defendants' properties as well as temporary possession of the rights of way. Accordingly, the Court must award compensation before dismissing the complaint.

Plaintiff's request to amend the complaint is also denied. Although Rule 71.1(f) states that the plaintiff may amend "as often as it wants" at any time before the trial on compensation, that provision contemplates an active condemnation. Here, it makes little sense to amend the complaint because the animating purpose for it—the Pipeline Project—is dead and gone. Whereas the original complaint sought the substantive right to condemn Defendants' properties for a permanent right of way and easement, the proposed Amended Complaint seeks to "redefine the nature of the taking to a temporary taking" and asks the Court to determine the amount of compensation owed to Defendants for that taking. (Dkt. No. 30-1). However, Plaintiff's concerns about clarifying the scope and duration of the taking that occurred are better addressed through evidence and argument at trial on compensation, which is the only issue left in this case. Moreover, amending the complaint would require the Defendant landowners to answer, invite motion practice, and further delay this drawn-out case. Under the circumstances, the most equitable solution is to proceed directly to trial on the issue of compensation.[3]

---

[3] Relatedly, the Court declines to decide at this juncture the applicability of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, which goes to the issue of compensation.

IV.     CONCLUSION

Wherefore, it is hereby

**ORDERED** Plaintiff's Omnibus Motion to Dissolve the Injunction (Dkt. No. 26) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that the Preliminary Injunction for the Pipeline Project is hereby **DISSOLVED** in this case, and in all those identified in Exhibit A; and it is further

**ORDERED** that the Related Orders granting Partial Summary Judgment and the Preliminary Injunction (Dkt. Nos. 16, 17, 20) are hereby **VACATED** in this case, and in all those identified in Exhibit A; and it is further

**ORDERED** that Plaintiff shall maintain the security bond (*see* Dkt. No. 19) for the condemnation of Defendants' properties until such time as the claims in this case are resolved, which applies equally to all cases identified in Exhibit A; and it is further

**ORDERED** that Plaintiff shall record this Order in the land records of the county in which the now-extinguished rights of way were located, for this case and all those identified in Exhibit A; and it is further

**ORDERED** that Plaintiff's request to amend the complaint is **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion to dismiss the complaint (applicable to Case Nos. 14-cv-2054, 14-cv-2057, 14-cv-2004, 14-cv-2008, 14-cv-2031, 14-cv-2036, 14-cv-2039, 14-cv-2045, 14-cv-2049, 14-cv-2059, 14-cv-2069, 14-cv-2071, 14-cv-2080, 14-cv-2083, 14-cv-2118) is **DENIED**; and it is further

**ORDERED** that all remaining cases related to the Pipeline Project shall proceed to trial on the issue of compensation; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order in all of the cases identified in Exhibit A; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on all the parties to this action.

**IT IS SO ORDERED.**

Date:  September 17, 2020
          Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

## **EXHIBIT A**

**Docket Numbers**

| | |
|---|---|
| 1:14-cv-02000 | 3:14-cv-02015 |
| 1:14-cv-02003 | 3:14-cv-02019 |
| 1:14-cv-02007 | 3:14-cv-02020 |
| 1:14-cv-02016 | 3:14-cv-02030 |
| 1:14-cv-02023 | 3:14-cv-02031 |
| 1:14-cv-02054 | 3:14-cv-02034 |
| 1:14-cv-02055 | 3:14-cv-02036 |
| 1:14-cv-02057 | 3:14-cv-02039 |
| 1:14-cv-02061 | 3:14-cv-02043 |
| 1:14-cv-02065 | 3:14-cv-02045 |
| 1:14-cv-02066 | 3:14-cv-02049 |
| 1:14-cv-02103 | 3:14-cv-02059 |
| 1:14-cv-02104 | 3:14-cv-02069 |
| 1:14-cv-02105 | 3:14-cv-02071 |
| 1:14-cv-02110 | 3:14-cv-02080 |
| 1:14-cv-02112 | 3:14-cv-02083 |
| 1:14-cv-02119 | 3:14-cv-02088 |
| 3:14-cv-02004 | 3:14-cv-02093 |
| 3:14-cv-02008 | 3:14-cv-02118 |
| 3:14-cv-02013 | |